Lisa Zimmer
PO Box 840
Concord, CA 94522
925/ 435-7237

Pro Se Plaintiff

FILED
2014 OCT 27 P 1:23
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

EDL

Lisa Zimmer,

Plaintiff

v.

CV 14 4775

San Francisco Housing Authority; Executive Director in official capacity and in individual capacity; Ms. Charice Jackson; Ms. Paulette Boyd; Mr. Tony Ucifferi; Ms. Maria Gonzalez; Ms. Alyah Allan: Ms. Nicole McCray-Dickinson); and John and Jane Does 1-25

Case Number _____

Demand For Jury Trial
Yes _X_ No___

Complaint

1. Parties in this Complaint:

2. Plaintiffs:
Lisa Zimmer, PO Box 840, Concord, CA 94522, Phone: 925/ 435-7237

b. Defendant(s)

Defendant 1. San Francisco Housing Authority
1815 Egbert Ave
San Francisco, CA 94124

Defendant 2 Executive Director
San Francisco Housing Authority
1815 Egbert Ave
San Francisco, CA 94124

Defendant 3 Ms. Charice Jackson, Inspector, Housing Choice Voucher Dept
San Francisco Housing Authority
1815 Egbert Ave
San Francisco, CA 94124

Defendant 4 Ms. Paulette Boyd, Inspection Supervisor, Housing Choice Voucher
San Francisco Housing Authority
1815 Egbert Ave
San Francisco, CA 94124

Defendant 5 Mr.Tony Uciferri, Housing Choice Voucher Dept Program Manager
San Francisco Housing Authority
1815 Egbert Ave
San Francisco, CA 94124

Defendant 6 Ms. Nicole-McCray Dickinson, Director, Housing Choice Voucher Dept
San Francisco Housing Authority
1815 Egbert Ave
San Francisco, CA 94124

Defendant 7 Ms. Maria Gonzolez,Eligibility Worker, Housing Choice Voucher Dept
San Francisco Housing Authority
1815 Egbert Ave
San Francisco, CA 94124

Defendant 8 Ms. Alyah Allan, Housing Choice Voucher Dept
San Francisco Housing Authority
1815 Egbert Ave
San Francisco, CA 94124

Defendants John and Jane Doe's : The true names and capacities of the defendants named herein as Does I -25 are unknown to Plaintiff, who therefore sues them under these fictitious names. Plaintiff will amend this complaint to add their true names and capacities when they become known

2. Jurisdiction

__X__My case belongs in federal court under 'federal question jurisdiction because it is about federal law(s) or rights)(s).

Which law(s) or rights(s) are involved?
Federal Fair Housing Act Title VIII of the 1968 Civil Rights Act, 28 CFR 3604, 3617; Section 504; Americans With Disabilities Act Title II; 42 USC 1983; and, incorporated into this [Federal] Law suit per "supplemental/ancillary/pendant jurisdiction" [§1367]': FHEO 12995; Unruh Civil Rights Act/CCC Section 51; California Disabled Persons Act (CCC 54.1 (b)(3)(b); Retaliation: Section 818 of the Fair Housing Act/42 USC 3617

(Re: Statute of Limitations: The first act of discrimination was September 21, 2009. The last act of discrimination ('ongoing/continuous discrimination') was on or about April 15, 2010 (This does not take into acount the 'retaliatory acts' committed by the SFHA 'which was ''after" Plaintiff had filed a complaint with HUD.) -Overall the HUD administrative proceedings were pending for -three (3) years, one month and eight days. -A complaint was fild with HUD on April 21, 2010; a final determination letter by HUD was signed by HUD on May 28, 2013 (but of note is that there were even further HUD administrative proceedings pending after the final determination letter was signed.) Additionally, on August 1, 2013, a high-level HUD staff member sent Plaintiff another letter stating that with the upcoming implemntatiion of an act by the SFHA, the Department considers this matter closed. Ultimately the act by SFHA was implemented and resulted in the date of September 20, 2013.

Therefore with regard to the the time of which HUD administrative proceedings were pending is tolled (not counted), this complaint being filed with pertaining to 42 U.S.C. § 3613(a)(1)(B). which results in that the court complaint is being filed wthin the appropriate statute of limitations.)

_____ My case belongs in federal court under diversity jurisdiction because none of the plaintiffs live in the same state as any of the defendants AND the amount of damages is more than 75,000.

3. Venue

Venue is appropriate in this Court beause A substantial part of the events happened in this district

4. Intradistrict Assisgnment

This lawsuit should be assigned to San Francisco/Oakland, San Jose, Division of this Court because the events happened in the city of San Francisco. And the San Francisco Housing is located in the city of San Francisco.

5. Statements of Facts and Claims

1. Plaintiff was a participant in the the Housing Choice Voucher Program of the San Francisco Housing Authority, CA (hereafter refered to as 'SFHA') located in San Francisco CA for approximately five (5) years while living in San Francisco. Plaintiff is also a person with a disability, Plaintiff suffers from Post Traumatic Stress Disorder, which is a disability under the 'Fair Housing Act'. Defendant San Francisco Housing Authority was aware of Plaintiff's disability for an extensive amount of time, years. Approx. a week before a scheduled September 21, 2009 inspection was to take place, Plaintiff wrote and mailed a request for reasonable accomodation due to disability to the San Franiciso Housing Authority to convey that because of her disability she was not able to be present at the inspection.

However, Plaintiff gave the SFHA full and complete access to her apartment for the 9/21/09 inspection by providing them with the key -(Plaintiff literally taped key to the letter). Plaintiff received a response by Ms. Cherice Jackson that SFHA received the letter/key, but Ms. Cherice Jackson said that per SFHA policy that what I had conveyed about not being present for the inspection, was NOT allowed. and Ms. Jackson threatened Plaintiff that if Plaintiff didn't comply with the policy, Plaintiff's housing voucher would be terminated. (Even though Ms. Jackson claimed it was ''policy'' , -- the Fair Housing Act states under Section 3604 :>>' Discrimination includes: >a refusal to make reasonable accommodations in rules, policies, practices, or services, when such

accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling<;

2. Letters were written by Plaintiff and several other community advocates, to request that the SFHA reinstate Plaintiff's discriminatorily & wrongfully terminated voucher. SFHA employee Ms. Paulette Boyd said that Plaintiff would have to attend a hearing (at their premises). Ironically, Ms. Boyd was requiring of Plaintiff, not only what she already was fully aware of -that due to Plaintiff's disability she wasn't able to attend in person meetings, but requiring Plaintiff to do something in order to get back the voucher, *that* something -not have in-person meetings- that Plaintiff wasn't able to do, due to her disability and was terminated from the housing program for, to begin with. --besides that this was outright and intentional torment by SFHA to Plaintiff, it was yet another incident of discrimination. Ms Boyd was contacted informing her that due to Plaintiff's disability she would not be able to attend the meeting and it was requested as an reasonable accomodation that SFHA modify their policies, practice and procedures by carrying out the meeting verbal communications in through writing' instead. Pleas were made by other advocates as well, but Ms. Boyd ultimately never responded, nor did Ms Gonzalez, who was 'assisting' supporting, and in collaboration with Ms. Boyd's conduct. ('no response' to a request for reasonable accomodation -is deemed a 'refusal' of reasonable accomodation.

3. Through Plaintiff's painstaking, extensive and relentless, self-advocacy and pleas and also numerous community organizations' advocacy over the course of months, finally SFHA stated that Plaintiff's housing voucher would be reinstated, This was on or about April 12, 2009. However, the SFHA, Ms. Nicole McCray Dickinson required that Plaintiff attend a resertification' meeting in order to get the voucher back. ---again intentional anguish torment and yet another discrimination towards plaintiff, and but now a ''retaliatory act'' as well --Plaintiff had put in an official complaint against the SFHA with a discrimination/fair housing organization, and this was a way of reprisal and retirbution towards Plaintiff. Because of the reason that time was of the essence, as Plaintiff was trying to secure housing and needed the voucher in her hand to present to prospective landlords, to do so, Plaintiff now requested that the re-certification papers be faxed to Plaintiff, as to expedite the already unnecessary long process and delays However, Ms. Dickinson refused that request and chose and said that she will ''mail'' it instead. The papers that she claimed she 'mailed' never arrived. This was the beginning of yet another succession of discriminatory and retaliatory acts, however this time, it was a vast series of ongoing discriminatory & retaliatory acts, by SFHA that covered a two week span of time, in which SFHA caused Plaintiff to suffer like an animal.

4. SFHA employee Ms. Alyah Allan, 'repeatedly and repeatedly, stated that she was faxing paperwork, but 'repeatedly and repeatedly' the paperwork either never

was received at the 'receiving fax' , or some of the papers of the batch were missing. Then finally Plaintiff had all the papers to fill out, and did so in a very prompt manner, and the papers were faxed back to the SFHA, however, repeatedly and repeatedly, the employees stated that the papers were either never received, or a sheet from the batch was missing. The discrimination/retaliation by the SFHA was egregious and becoming unconscionable.

5. It was discovered by Plaintiff that SFHA employee Mr. Tony Ucifferi was not only aware of the goings-on about the overall acts/ by the SFHA employees conduct in the Plaintiff's matter, but he was in a position of ''oversignt / supervisory / leadership to the SFHA employees involved in Plaintiff's matter.

6. *Finally,* on or about May 12, 2010 Plaintiff received her voucher back (a process that should have taken a few short days after their declaration of 4/12/10 that they were going to reinstate the voucher, they [SFHA] 'intentionally' took almost a month with one deliberate & retaliatory delay and procrastination tactic after another] The voucher should have never been terminated in the first place, and at the least should have been reinstated at the first request/inquiry from the Plaintiff months prior. Plaintiff ultimately got her voucher back but not before much and various harm was done to her by SFHA. Defendants would ultimately cause Plaintiff loss of opportunity to secure apartments, loss of housing. Plaintiff was rushing, and scrambling to do all the masses of paperwork, and trying to secure housing, and the stress from the

retaliation and severe and repeated abuse by SFHA was resulting in extratordinary deprivation and loss of sleep, and Plaintiff becoming physically ill, very physically fatigued and weak, and enduring various physical pain. Plaintiff ended up in the hospital twice during less than a two week time span. The extreme deprivation of sleep would result in a tortuous sleep condition. When Plaintiff finally got the voucher in her hand and secured a new apartment with the voucher, that very night when she was trying to go to sleep, she experienced a jolt of the head/neck. The same type (but even worse) of the physical effect she experienced when deprived of sleep due to and resulting from SFHA conduct. Plaintiff, continued suffer these sleep jolts in varying intensity and numbers when trying to go to sleep and during sleep. And to this day, endures this harm caused by SFHA conduct.

During the several weeks of enduring the retaliation the SFHA put her through, Plaintiff was also coping with numerous incidents of nearly collapsing onto the floor/ground from the abuse of the retaliatory acts by the SFHA.

7. After almost eight months of being discriminated against then retaliated against and overall severely victimized by the SFHA, finally, Plaintiff was free from San Francisco Housing Authorities's vile animus towards persons with disabilities.

Demand For Relief:

Please See Attached Pages. Thank you.

7. Demand for Jury Trial

__X__ Plaintiff demands a jury trial on all issues.

Respectufully submitted,

Date: October 27, 2014 Sign Name: Lisa Zimmer

Print Name: LISA ZIMMER

Demand For Relief:

Cause of Action:

Discrimination/Unlawful Discriminatory Housing Practices/ Violations of/ Failure to Comply with:

- Federal Fair Housing Act Title VIII of the 1968 Civil Rights Act, 28 CFR 3604;
- Section 504 of 1973;
- Americans With Disabilities Act Title II;

and, included into this [Federal] law suit per"supplemental/ancillary/pendant jurisdiction" [§1367]':

- Fair Housing and Equal Opportunity, California Government Code: 12995;
- Unruh Civil Rights Act/CCC Section 51;
- California Disabled Persons Act (CCC 54.1 (b)(3)(b);
- Grant a permanent injunction prohibiting Defendants, their successors, assigns, and all persons in active concert or participation with Defendants from engaging in any housing practice that discriminates on the basis of disability.
- Enter judgment on behalf of Plaintiff, finding that Defendants engaged in

discrimination against persons with disabilities in violation of the Federal Fair

Housing Act Title VIII of the 1968 Civil Rights Act, 28 CFR 3604, 3617; Section 504; Americans With Disabilities Act Title II;

and, incorporated into this [Federal] Law suit per "supplemental/ancillary/pendant jurisdiction" [§1367]': California Gov Code FHEO 12995; Unruh Civil Rights Act/CCC Section 51; California Disabled Persons Act (CCC 54.1 (b)(3)(b);

- civil monetary penalities to Defendants
- compensatory damages - Plaintiff requests that the Jury decide on the total amount of monetary damages

(Plaintiff would like to cite: Alexander v Riga: in which the appellate court stated: >>' "in a case alleging discrimination under the Fair Housing Act the discrimination itself is the harm," << and >> that a FHA violation is all that is needed to establish liability.)

- Grant such other and further relief as this Court may deem just

Demand For Relief:

Cause of Action: Failure to provide reasonable accommodations and failure to ''attempt'' to provide reasonable accommodations (ommission of the ''interactive process'')

Demand for Relief:

- Grant a permanent injunction prohibiting Defendants, their successors, assigns, and all persons in active concert or participation with Defendants from engaging in any housing practice that discriminates on the basis of disability
- Enter judgment on behalf of Plaintiff, finding that Defendants engaged in discrimination against persons with disabilities in violation of the Federal Fair Housing Act Title VIII of the 1968 Civil Rights Act, 28 CFR 3604, Section 504; Americans With Disabilities Act Title II; and, incorporated into this [Federal] Law suit per "supplemental/ancillary/pendant jurisdiction" [§1367]': California Gov Code FHEO 12995; Unruh Civil Rights Act/CCC Section 51; California Disabled Persons Act (CCC 54.1 (b)(3)(b);
- Civil monetary penalties to defendants
- compensatory damages - Plaintiff requests that the Jury decide on the total amount of monetary damages
- Grant such other and further relief as this Court may deem just

Demand For Relief:

Cause of Action: Retaliation:

(Fair Housing Act 42 USC Section 3617/Section 818/Title 24 Part 100.400 Subpart F/

*Title 24: Housing and Urban Development*

PART 100—DISCRIMINATORY CONDUCT UNDER THE FAIR HOUSING ACT

Subpart F—Interference, Coercion or Intimidation

§100.400 Prohibited interference, coercion or intimidation

*(5) Retaliating against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act. )*

- Enter judgment on behalf of Plaintiff, finding that Defendants engaged in retaliation against persons with disabilities in violation of the Federal Fair Housing Act Title VIII of the 1968 Civil Rights Act, 28 CFR 3617/Section 818/Title 24 Subpart F, 100.400/; Section 504 of 1973; Americans With Disabilities Act Title II; and, incorporated into this [Federal] Law suit per "supplemental/ancillary/pendant jurisdiction" [§1367]': California Gov Code FHEO 12995; Unruh Civil Rights Act/CCC Section 51; California Disabled Persons Act (CCC 54.1 (b)(3)(b);

- Grant a permanent injunction prohibiting Defendants, their successors, assigns, and all persons in active concert or participation with Defendants from engaging in any housing practice that retaliates against persons with disabilities

- civil monetary penalties against Defendants, under applicable laws;
- compensatory monetary damages: Plaintiff requests that the Jury decide on the

total amount of monetary damages for the

- Grant such other and further relief as this Court may deem just.

Demand For Relief:

Cause of Action: Exemplary Damages

Defendants made statements that were in severe bad faith, false, untrue, breached their word, went forth with severe extreme spite & malice, vindictiveness, ill-will, 'cruel' and tormenting conduct, and with the intention of causing Plaintiff harm, grief, physical sickness, extreme pain & suffering, distress, ~~pain & suffering~~, anguish, loss of housing, and conduct that resulted in a long-term and possibly infinitive tortuous sleep condition. Plaintiff had to go to the hospital emergency room twice in less than two weeks from the extreme stress and weakness, and had to try to focus on avoiding literally collapsing onto the pavement, due to Defendants' misconduct. Plaintiff still, to date, lives with the suffering nearly every day through the sleep jolts she endures, as a result of the extreme sleep deprivation she was put in a position to endure, by the Defendants conduct. This sleep condition has worsened and intensified over time, since it began, tortuously interfering with Plaintiff's sleep and causing a domino-effect of other various problems and complications.

Defendants' flagrant disregard for persons with disabilities, treating a person with a disability as a second-rate, low-class citizen, at best; and violations of the Fair Housing Act and other similar anti-discrimination laws, and egregious, malevolent retaliatory conduct towards Plaintiff for having filed an administrative complaint against Defendants, which under law, is a legal right of Plaintiff's/all persons with

disabilities. Even when Defendants said they were going to reinstate Plaintiff's wrongfully terminated housing voucher, Defendants' went forth with a reign of vicious abusive conduct for weeks towards Plaintiff.

Defendants/San Francisco Housing Authority employees are being paid salaries by taxpayers' dollars/Congress to properly & appropriately serve, according to program regulations and law, the people that are housing program participants -not to discriminate, retaliate against and severely abuse and harm them.

- punitive damages: Plaintiff requests that the Jury decide on the amount of punitive damages.